UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ABBOTT LABORATORIES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| vs. | ) |
| | ) |
| GAMMA HEALTHCARE, INC. | ) |
| SERVE: | ) |
| KAREN J. MILLER | ) |
| REGISTERED AGENT | ) |
| 1717 WEST MAUD | ) |
| POPLAR BLUFF, MO 63901 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Abbott Laboratories, Inc. by and through counsel, and for its Complaint against Gamma Healthcare, Inc., hereby states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is now and at all times relevant a Delaware corporation with its principal place of business at Hubert L. Allen 100, Abbott Park Road, Abbott Park, Illinois 60064. Under 28 USC §1332 (c)(1), Plaintiff is deemed to be a citizen of the States of Delaware and Illinois.

2. Plaintiff is engaged in the business of, among other things, providing healthcare related equipment and services.

1

605875

3. Defendant is a Missouri corporation with its principal place of business at 1717 West Maud, Poplar Bluff, MO 63901. Under 28 USC §1332(c)(1), Defendant is deemed to be a citizen of the State of Missouri.

4. This Court has subject matter jurisdiction over this action pursuant to 28 USC §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. This Court has personal jurisdiction over Defendant and venue is proper in this Court in that Defendant transacted business with Plaintiff in this State and entered into contracts with Plaintiff in this state.

## Allegations Common To All Counts

6. On or about February 2015 Plaintiff and Defendant entered into two Equipment Service Program Agreements (hereinafter "Contract"), copies being attached hereto as Exhibit 1 and filed herewith.

7. Pursuant to the terms of said Contract, it automatically renews for consecutive one-year extension periods unless either party gives the other party ninety days advance written notice of non-renewal prior to the end of the initial contract term or thereafter during any extension period.

8. In connection with said Contract and Defendants account with Plaintiff, Plaintiff provided equipment and services to Defendant, at Defendant's request, for which Plaintiff invoiced Defendant. See Exhibit 2 attached hereto and by reference incorporated herein.

## Count I – Action on Account

9. Plaintiff re-states and incorporates by reference each and every allegation contained in Paragraphs 1 through 8 as and for Paragraph 9 of Count I.

10. At all relevant times, Defendant had an account with Plaintiff.

11. At the request of Defendant, Plaintiff provided products and services to Defendant pursuant to the parties' agreement on said account.

12. Defendant failed to pay the Plaintiff for the products and services provided to Defendant on said account.

13. As of May 26th 2017, Defendant owed Plaintiff the principle sum of $155,223.95 on said account.

14. Plaintiff's charges on the account were reasonable.

15. Defendant agreed to pay these charges on said account by the due dates listed on Exhibit 2.

16. Defendant has failed and refused to make full payment on said account even after said charges on the account were due and payable.

17. In total, Defendant owes Plaintiff principle in the sum of $155,223.95, and Plaintiff seeks statutory prejudgment interest at the rate of 9% per year and its costs incurred herein.

WHEREFORE, Plaintiff respectfully prays this Court grant Judgment in its favor and against Defendant in the amount of $155,223.95, for Plaintiff's costs associated herein, statutory prejudgment interest at the rate of 9% per year from May 26th 2017

3

605875

until paid in full, and for any other or further relief this Court deems just and proper under the circumstances.

### Count II – Quantum Meruit

18. Plaintiff re-states and incorporates by reference each and every allegation contained in Paragraphs 1 through 8 as and for Paragraph 18 of Count II.

19. Plaintiff conferred a benefit on Defendant by providing Defendant with certain products and services at the Defendant's request.

20. Defendant appreciated the benefit of the products and services by accepting the same from Plaintiff.

21. The value of the products and services provided by Plaintiff to Defendant is $155,223.95.

22. Defendant failed and refused to pay for the value of the services and products in full.

23. Plaintiff has made multiple demands to Defendant for the value of the products and services Defendant has failed and refused to pay for to no avail.

24. Retention of the products and services by Defendant would be unjust without payment of $155,223.95 to compensate Plaintiff for the benefit conferred on Defendant.

WHEREFORE, Plaintiff respectfully prays this Court grant Judgment in its favor and against Defendant in the amount of $155,223.95, for Plaintiff's costs associated herein, statutory prejudgment interest at the rate of 9% per year from May 26th 2017

4

605875

until paid in full, and for any other or further relief this Court deems just and proper under the circumstances.

Respectfully submitted,

ROSENBLUM, GOLDENHERSH, PC

/s/ David G. Bender
David G. Bender
EDMO #53482MO
7733 Forsyth Blvd., 4th Floor
St. Louis, Missouri 63105
dbender@rgsz.com
Phone: (314) 726-6868
Fax: (314) 726-6786
*Counsel for Plaintiff*

605875